UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYSSA R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-0178-RSL-MAT <br><br> REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1994.[1] She graduated from high school and was enrolled in community college courses at the time of the administrative hearing, and previously worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

sales clerk and cashier, cafeteria cook, and dishwasher. (AR 65, 88-91, 256.)

Plaintiff applied for SSI in June 2015, alleging disability beginning May 20, 2015. (AR 126, 207-15.) Her application was denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 127-30, 134-43.)

On September 17, 2017, ALJ Wayne Araki held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 35-100.) On March 29, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) The Appeals Council denied Plaintiff's request for review on January 23, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked since the application date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's affective disorder, anxiety disorder, muscle/soft tissue disorder, and obesity. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17-18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform less than a full

range of light work, with the following limitations: she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 15 minutes at a time, for two hours total in an eight-hour workday. She can sit up to two hours at a time, for eight hours total in an eight-hour workday. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. She cannot work at exposed heights or operate heavy equipment, and is otherwise limited to occasional exposure to hazards. She can remember and carry out instructions for tasks generally required by occupations with a specific vocational preparation level of 1-2 (i.e. tasks that can be learned within 30 days or by simple demonstration). She is limited to occasional superficial interaction with the general public and occasional interaction with coworkers or supervisors. (AR 19.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 23.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as production assembler, hand packager, electrical accessories assembler, document preparer, bench hand, and table worker. (AR 24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002).

Plaintiff argues the ALJ erred at step two in failing to discuss whether her migraine headaches were a severe impairment, and, as a result, erred in assessing her RFC and proffered an incomplete hypothetical to the vocational expert. The Commissioner argues that the ALJ's decision is supported by substantial evidence and any error therein is harmless, and it should therefore be affirmed.

<u>Step two</u>

Plaintiff argues that the ALJ erred in not discussing whether her migraine headaches constituted a severe impairment at step two. At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. § 416.921.

The Commissioner argues that the record shows that Plaintiff's migraine headaches are not medically determinable, but also contends that even if the ALJ should have included them as a severe impairment at step two, that error is harmless because the ALJ resolved step two in Plaintiff's favor and continued with the sequential evaluation process. Dkt. 13 at 3 (citing *Buck v. Berryhill*, 869 F.3d 104, 1048-49 (9th Cir. 2017)). In *Buck*, the Ninth Circuit has held that an ALJ's failure to list a particular impairment as severe at step two is harmless error, assuming the ALJ considers the limitations caused by all medical determinable impairments in assessing the claimant's RFC. *See Buck*, 869 F.3d at 1948-49.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

In this case, Plaintiff argues that the ALJ's failure to include migraine headaches at step two is not harmless because the ALJ did not account for the limitations caused by her migraines when assessing her RFC and formulating the VE hypothetical. Dkt. 14 at 2. Specifically, Plaintiff contends that when she is "in the throes of a migraine," she has various symptoms that would impose more than minimal limitations in her ability to work. Dkt. 14 at 4 (listing absenteeism, concentration deficits, difficulty tolerating light and noise, and nausea as limitations resulting from her migraines). Plaintiff cites no independent evidence supporting the existence of those limitations, however, and she did not allege those limitations or even mention headaches at all in her benefits application, function reports, or at the administrative hearing. (AR 35-100, 224, 264-71.)

The treatment notes do refer to Plaintiff's report of constant headaches for two weeks in May 2015 (AR 480-82), "occasional" headaches in August 2015 (AR 377), a decrease in migraines to 1-2 per week by October 2015 (AR 374-75), two migraines in one week in November 2015 (AR 394), a headache in February 2016 (AR 411), "very bad" headaches occurring up to once a week in February 2016 (AR 485), migraines occurring every 2-3 days in March 2016 (AR 489), and migraines occurring 1-2 times per week in June 2016 (AR 499). Other medical evidence documents Plaintiff's report of migraines and/or her diagnosis without specificity as to frequency. (*See, e.g.*, AR 386, 390, 402, 412, 503, 511, 514, 519, 580, 617.) No medical source provided an opinion attributing any specific limitations to Plaintiff's migraines. (*See, e.g.*, AR 406 (consultative examiner's opinion attributing limitations to other conditions, but not to migraines), 580-81 (consultative psychological opinion), 610 (treating nurse practitioner's opinion).)

Thus, the only evidence of limitations caused by Plaintiff's migraines consists of her own subjective description of her migraines to her doctors (as described in the previous paragraph) and

to the agency (*e.g.*, AR 255, 284), but the ALJ explained why he discounted Plaintiff's subjective statements and Plaintiff has not challenged the ALJ's reasons for doing so.  (AR 19-21.)  Under these circumstances, Plaintiff has not shown harmful error in the ALJ's decision.  *See Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015).  In *Britton*, the Ninth Circuit explained that a claimant's description of limitations caused by her migraine headaches does not constitute independent medical evidence establishing the existence of those limitations, even if a doctor testifies as to the claimant's reported symptoms, and thus the ALJ did not err in failing to include those limitations in the hypothetical posed to the VE:

> Here, substantial evidence did not support including migraines in the examination of the [VE].  There was no independent medical evidence establishing that Britton suffers from migraines three to four days a month, that she must rest when she gets them, and that they last for two to four hours, as she claimed.  While Dr. McBarron testified to this effect, he relied exclusively on Britton's testimony regarding the frequency, duration, and intensity of her migraines.  Dr. McBarron's testimony does not constitute substantial evidence because it was based on Britton's testimony, which the [ALJ] determined was not credible as to the severity or frequency of her conditions. . . .  Without substantial evidence to support including additional limitations caused by Britton's migraines in the vocational assessment, it cannot be said the [ALJ] erred in conducting the examination of the [VE] as he did.

787 F.3d at 1013-14.  Similarly here, because Plaintiff has not pointed to any independent medical evidence establishing the existence of the migraine headache limitations that she claims the ALJ failed to account for in the RFC assessment and VE hypothetical, Plaintiff has not established any harmful error in the ALJ's failure to include migraine headaches as a severe impairment at step two.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 1, 2019**.

DATED this 17th day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7